# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CLEMENTE E. DALE, | ) |
| Plaintiff, | ) No. 3:12-cv-00991 |
| | ) Judge Trauger |
| v. | ) |
| SONNY WEATHERFORD, et al., | ) |
| Defendants. | ) |

## M E M O R A N D U M

The plaintiff, a former inmate at the Sumner County Jail in Gallatin, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Sumner County Sheriff Sonny Weatherford and ten other defendants as well as "All Employees and Guards at Sumner County Jail," alleging, *inter alia*, that the prior conditions of his confinement at the Sumner County Jail violated his civil rights. (Docket No. 1). In addition to monetary damages, the plaintiff seeks injunctive relief. (*Id.* at p. 4).

**I.      Screening of the Complaint**

Because the plaintiff is proceeding *pro se* and *in forma pauperis*, the court must conduct an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). *Pro se* complaints are to be construed liberally by the court. *See Boag v. McDougall*, 454 U.S. 364, 365 (1982). However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii).

1

A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

## II. Section 1983 Standard

The plaintiff has filed his complaint pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## III. Analysis

With regard to defendants Sonny Weatherford, Sonya Troutt, f/n/u Bean, f/n/u Stacy, and Brittany l/n/u ("Brittany"), there are no allegations in the complaint connecting these defendants to any wrongdoing. (Docket No. 1 at pp. 3-4). A plaintiff "must allege how each defendant was personally involved in the acts about which the plaintiff complains." *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). The plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002).

Because the plaintiff's allegations omit how each of these defendants was personally involved in the acts about which the plaintiff complains, the court will dismiss the Section 1983 claims against defendants Weatherford, Troutt, Bean, Stacy, and Brittany for failure to state claims upon which relief can be granted.

The plaintiff also attempts to sue "All Employees and Guards at the Sumner County Jail" in this case. However, the plaintiff's effort in this regard is simply too broad; the naming of "all employees and guards" lacks the requisite specificity for filing a Section 1983 claim against a government official. As such, no claims will be sustained against "All Employees and Guards at the Sumner County Jail."

As to the remaining defendants (Williams, Searcy, Mathews, Carrie l/n/u (Carrie), and Southern Health Partners), the plaintiff's federal allegations largely concern the defendants' alleged inattentiveness to the plaintiff's medical or dental needs. The plaintiff also alleges that the defendants impeded the plaintiff's efforts to procure the medications he had been prescribed by outside physicians prior to his incarceration. (Docket No. 1 at pp. 3-4). The plaintiff alleges that he suffered a broken tooth, an allergic reaction to medication, and untreated high blood pressure as a result of the defendants' actions or lack of action. He also alleges that his psychiatric problems were left unaddressed during his incarceration.

Delays in providing medical, dental, or psychiatric care may give rise to a violation of a prisoner's rights under the Eighth Amendment. However, such delays do not rise to the level of a constitutional violation unless a plaintiff complains that he suffered a detrimental effect to his health as a consequence of the alleged delay. *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005)(citing *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001)).

Here, the plaintiff has alleged that the delays caused by the defendants in failing to provide timely medical and dental treatment led to health problems for the plaintiff, including untreated high blood pressure. The court finds that the plaintiff's complaint states actionable claims under § 1983 for the delay and/or denial of medical and/or dental treatment. Of course, at this early stage of the proceedings, it is unclear whether the plaintiff ultimately will prevail on his claims as to any or all defendants. The court merely has concluded that the claims alleged by the plaintiff are not frivolous or malicious for purposes of the required PLRA screening.

## IV. Conclusion

For the reasons stated above, the court finds that the complaint states at least one actionable claim against defendants Williams, Searcy, Mathews, Carrie, and Southern Health Partners. 28 U.S.C. § 1915(e)(2). However, the plaintiff's claims against Weatherford, Troutt, Bean, Stacy, Brittany, and "All Employees and Guards at Sumner County Jail" fail to state claims upon which relief can be granted under § 1983. Accordingly, those claims will be dismissed with prejudice.

An appropriate Order will be entered.

                                                                 Aleta A. Trauger
                                                                 United States District Judge