UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CLEMENTE E. DALE, | ) |
| Plaintiff | ) |
| | ) No. 3:12-0991 |
| v. | ) Judge Trauger/Brown |
| | ) |
| SONNY WEATHERFORD, *et al.*, | ) |
| Defendants | ) |

**THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that this case be DISMISSED without prejudice for failure to prosecute and to obey Court orders.

### BACKGROUND

On September 26, 2012, the Plaintiff filed a complaint as well as an affidavit to proceed in *forma pauperis* (Docket Entries 1 and 2). In his complaint he alleged 42 U.S.C. § 1983 violations by Sumner County Sheriff Sonny Weatherford and 10 other Defendants, as well as all employees and guards at Sumner County Jail. He was allowed to proceed in *forma pauperis*. However, on an initial review only his claims against the Defendants Williams, Searcy, Dr. Mathews, Carey, and Southern Health Partners were allowed to proceed (Docket Entries 12 and 13). The Court's order provided that the Plaintiff would complete service packets and return them to the Clerk's office within 20 days of the receipt of the Court's order. The Plaintiff was forewarned that failure to return the completed service packets within the time required could jeopardize

his prosecution of this action, and that his prosecution of the action could be jeopardized if he failed to keep the Clerk's office informed of his current address. This memorandum, opinion, and order was sent to the Plaintiff by certified mail on December 3, 2012.

On January 7, 2013, the undersigned entered an order directing the Plaintiff to either return the service packets on or before January 23, 2013, or show cause why the Magistrate Judge should not recommend the case be dismissed for failure to prosecute and obey Court orders (Docket Entry 15). Certified mail sent to an address listed by the Plaintiff in his complaint was returned as unclaimed. It does not appear that mail sent by regular delivery has been returned.

As of the date of this Report and Recommendation the Plaintiff has not returned service packets or taken any action in this case.

**LEGAL DISCUSSION**

**Failure to prosecute and failure to obey Court orders Federal Rule of Civil Procedure 41(b).** A dismissal with or without prejudice is a drastic remedy and before the Court contemplates dismissing an action under Rule 41(b) the Court must specifically consider:

1. Whether the party's failure to cooperate is due to willfulness, bad faith, or fault;

2. Whether the adversary was prejudice by the dilatory conduct of the party;

3. Whether the dismissed party was warned that failure to cooperate could lead to dismissal.; and

4. Where less drastic sanctions were imposed or considered before dismissal was granted.

*Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

In this case the Plaintiff was warned at the outset of the case that failure to keep a current address could lead to dismissal of his case. Subsequently, the Plaintiff was given another opportunity to comply with the Court's order and to return a service packet or to show cause why dismissal should not be recommended. The Plaintiff has not responded in any way to any of the Court's orders and the address he provided does not appear to be valid.

Under these circumstances it appears that the Plaintiff's conduct is due to (1) willfulness or fault; (2) the adversary parties are prejudiced because they have no way of knowing without service of process that they have been named in a lawsuit and thus need to begin preparing a defense and marshaling their evidence; (3) the Plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the Court has considered less drastic sanctions by allowing the Plaintiff additional time to comply with the Court's original order or to show cause why the Magistrate Judge should not recommend dismissal.

While the Magistrate Judge believes that a dismissal with prejudice would be justified, nevertheless in order to impose a

less drastic sanction, the Magistrate Judge recommends that the dismissal be without prejudice.

## RECOMMENDATION

For the reasons stated above the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and failure to obey Court orders under Federal Rule of Civil Procedure 41(b).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 30th day of January, 2013.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge